## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| POM OF PENNSYLVANIA, LLC | : | |
| t/d/b/a PACE-O-MATIC, and | : | |
| SAVVY DOG SYSTEMS, LLC, | : | |
| | : | NO. 4:19-cv-00529-MWB |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| PASKILLVENDING.COM, | : | |
| JOHN DOES 1-100, and | : | |
| XYZ COMPANIES 1-100, | : | |
| | : | |
| Defendants. | : | |

Pursuant to Local Rule of Civil Procedure 7.5, Plaintiffs POM of

Pennsylvania, LLC and Savvy Dog Systems, LLC (collectively, "Plaintiffs")

submit this brief in support of their Motion for Extension of Time to Deadline for

Service of Process, Leave to Serve Process by E-Mail and Conduct Third Party

Discovery, *see* ECF No. 11, the overarching purpose of which is to facilitate an

orderly and expeditious resolution of this action.  As set forth below, because the

defendants in this matter have continued to take calculated measures to conceal

their identity and whereabouts, this Court should permit service through alternative

means and, concomitantly, grant leave to conduct limited third-party discovery.

1

## I.    BACKGROUND

### A. General Factual and Procedural History.

On March 24, 2018, Plaintiffs commenced this action seeking damages resulting from the repeated and continuous unauthorized use of their common-law trademark by Defendants PASKILLVENDING.COM acting in concert with various unidentified Doe(s) (collectively, "Defendants").

Plaintiffs manufacture and develop innovative games for the coin-op industry in the Commonwealth of Pennsylvania, which is marketed under the mark PENNSYLVANIA SKILL, as well as various related design marks and combination marks with design elements (collectively, the "Pennsylvania Skill Mark").  As a result of Plaintiffs' considerable financial investments and efforts over the last decade, which are detailed in the Complaint, the Pennsylvania Skill Mark has earned a distinctive reputation among consumers and within the relevant trade, even garnering significant unsolicited coverage in various media outlets.[1]

In December 2018, Plaintiffs became aware that Defendants were intentionally using the Pennsylvania Skill Mark in connection with their efforts to advertise, promote and sell their game machines (the "Counterfeit Product"), including software and related components *via* www.paskillvending.com, (the

---

[1] *See* ECF No. 1, ¶¶ 11-20.  Notably, the incalculable distinction earned by POM is based – in no small party – on the fact that its games continue to be the only game of its kind whose legality under Pennsylvania law has been judicially confirmed.

"Infringing Webpage").  As relevant herein, the Infringing Website, among other things:  (a) expressly used the Pennsylvania Skill Mark; (b) contained specific indicia of a deliberate attempt to resemble the websites maintained by Plaintiffs and Miele Manufacturing, Inc., which is the sole licensed distributor of their product; and (c) portrayed the product it offered as being manufactured, designed, and/or sold by Plaintiffs, or otherwise closely linked to them.  According to public records, the Infringing Webpage was created on or about September 7, 2018, but the identity of its registrant is unavailable because the domain was registered through Domains By Proxy LLC ("Domains By Proxy").  A true and correct copy of the Infringing Website's registration data is attached hereto as Exhibit A. Domains By Proxy, according to its website, is a domain proxy service that allows the registrant to obtain and operate a domain page while remaining anonymous to the public.[2]  However, as outlined on its website (the relevant parts of which are attached hereto as Exhibit C), Domains By Proxy does afford a method of contacting the registrant via email, which in the case of the Infringing Website is through paskillvending.com@domainsbyproxy.com.

Since becoming aware of Defendants' wrongful conduct, Plaintiffs employed various measures designed to ascertain Defendants' identity, or at a minimum, locate a physical mailing address.  For instance, in December 2018, one

_____

[2] A true and correct copy of the relevant representations contained on the Infringing Website are attached hereto as Exhibit B.

of Plaintiffs' business associates called the phone number advertised on the Infringing Website, and spoke to an individual who identified himself only as John who offered a "skill game" for sale. *See* Aff. Of Jeffrey Millay, at ¶ 5 (Exhibit D). When asked, however, he refused to provide a last name or a business address. Based on information Plaintiffs have obtained through their investigation, Defendants have similarly refused to provide their full names or a physical address during any of their in-person solicitations, opting, instead to give only a first name and phone number.

Finally, after several unsuccessful attempts to dissuade Defendants from continuing in their conduct, Plaintiffs commenced this action.  However, lacking any other method of furnishing notice of this action, Plaintiffs transmitted a filed copy of the Complaint, as well as a waiver of service of summons form via email to the address specified above (*i.e.*, paskillvending.com@domainsbyproxy.com). Although Defendants did not return the attached waiver, a response email, counsel for Plaintiffs received a copy of which is attached hereto as Exhibit E, which clearly suggests that the above-referenced email address is operational and used by Defendants to conduct business.  Accordingly, Defendants are believed to have received notice of this action.

4

## II.   ARGUMENT.

### A. *Alternative Service (*via *email) is warranted under the circumstances.*

Under the Federal Rules of Civil Procedure, service of original process may

be made by, *inter alia*, "following state law for serving a summons in an action

brought in courts of general jurisdiction in the state where the district court is

located or where service is made[.]"  Fed.R.Civ.P. 4(e)(1).  Turning to the relevant

state law, although the Pennsylvania Rules of Civil Procedure generally mandate

personal service of original process, where a plaintiff has endeavored in good faith

to locate the defendant and has undertaken practical efforts to effectuate service

through traditional means, alternative method of service may be permitted if it is

"reasonably calculated to provide the defendant with notice of the proceedings

against him[.]"  *Calabro v. Leiner*, 464 F.Supp.2d 470, 472 (E.D. Pa. 2006);

*accord Power Corp. of Canada v. Power Financial*, No. 4:09-cv-0510, 2009 WL

982750 at *1 (M.D. Pa. Apr. 13, 2009) (*per* Conner, J.).  Such an "alternative

method" may include e-mail.  *See id.* (citing *Rio Propos., Inc. v. Rio Int'l Interlink*,

284 F.3d 1007, 1013, 1017 (9th Cir. 2002)); *see also Washington Cty. Family

Entm't, LLC v. RNN Entm't Inc.*, No. 2:17-cv-807, 2018 WL 287932, at *3 (W.D.

Pa. Jan. 4, 2018).

Applying these precepts, Plaintiffs should be allowed to effect service via

electronic mail on Defendants.  First, as reflected in the attached exhibits and

affidavits, Plaintiffs have made a good faith attempt to locate Defendants and serve them through traditional means.  This Court's decision in *Power Corp. of Canada*, which also involved a trademark action brought against a website that operated through "an online service that shield[ed] the owner's identity," is particularly instructive, as the Court permitted service via *e-mail* based largely on substantially similar efforts to identify, locate, and serve the defendant.  *See Calabro*, 2009 WL 982750 at *1 (noting that despite the efforts of a private investigator who attempted to ascertain identity of the website's owner and communicate with the defendant via telephone, a valid address could not be found and, thus, alternative service was warranted).

With respect to the sufficiency of the notice, sending the Complaint to paskillvending.com@domainsbyproxy.com is reasonably calculated to notify Defendant(s) of this action because the email address is clearly operational and is used by the Infringing Website and/or its agents.  Indeed, Defendants should already be aware of this action, given that the correspondence received by Plaintiffs on April 18, 2019 seemingly confirms delivery of the Complaint to that email address.

### B. Good cause exists for permitting limited third-party discovery aimed at ascertaining the Defendants' identity because the action cannot proceed in the absence of certain elemental but crucial information.

6

Concomitantly, Plaintiffs also request permission to engage in expedited

third-party discovery prior to the Rule 26(f) Conference limited to the sole issue of

Defendants' identity and location.  Specifically, Plaintiffs seek to serve a subpoena

pursuant to Federal Rule of Civil Procedure 45 on Domains By Proxy, requesting

basic identifying information, including the name(s) of the Infringing Website's

registrant(s) and their current and permanent address, telephone number, and e-

mail address.[3]  The limited discovery Plaintiffs propose is a necessary adjunct to

service via email, since Defendants' disregard for the judicial process and history

of surreptitious conduct suggests that further identifying information will be

necessary to secure their cooperation.[4]  Indeed, this Court, as well as others within

this Circuit, have recognized that such relief is particularly appropriate in the

context of trademark claim against defendants deliberately shielding their identity

through the use of proxy services.  *See Malibu Media, LLC v. Doe*, No. 3:15-cv-

1703, 2015 WL 5829792, at \*2 (M.D. Pa. Sept. 30, 2015); *Strike 3 Holdings, LLC*

---

[3] The general standard for assessing request for discovery prior to a Rule 26 Conference is whether "good cause" exists for permitting discovery prior to a Rule 26 Conference.  *See, e.g.*, *Malibu Media, LLC v. Doe*, No. 3:15-cv-1703, 2015 WL 5829792, at \*2 (M.D. Pa. Sept. 30, 2015) (citing Fed.R.Civ.P. 26(b)(1) ("For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action.").

[4] Although Plaintiffs believe that alternative service is entirely justified in the present case, to the extent this Court is disinclined to permit service via e-mail at this juncture, it should at a minimum, grant leave to serve a third-party subpoena.

7

*v. Doe Subscriber Assigned IP Address 68.82.141.39*, 370 F. Supp. 3d 478, 481

(E.D. Pa. 2019) (permitting a third-party subpoena similar to what Plaintiffs seek,

citing its limited scope and the absence of "other means for [the plaintiff] to obtain

defendant's identity," while further noting that "[i]f defendant cannot be identified

and served, the action cannot proceed, and [the plaintiff] would be left without a

remedy for any infringement of its copyrights"); *Manny Film LLC v. Doe*

*Subscriber Assigned IP Address 50.166.88.98*, 98 F. Supp. 3d 693, 695 (D.N.J.

2015) (finding "good cause to permit Plaintiff to engage in expedited discovery

prior to the Rule 26(f) conference" to obtain "the names and addresses of the

internet subscribers whose IP addresses are identified in the complaints" because

without such discovery, the plaintiffs' ability to pursue their copyright

infringement claims would be "severely limited"); *see also Malibu Media, LLC v.*

*Doe*, 109 F. Supp. 3d 165, 168 (D.D.C. 2015) (finding "good cause exists for

Plaintiff's requested expedited discovery" because "Defendant must be identified

before this suit can progress further").

Accordingly, Plaintiffs respectfully request leave to serve a subpoena

requesting Domains By Proxy to produce certain basic (albeit critical) information

concerning Defendants' identity.[5]

---

[5] To the extent this Court is circumspect about permitting such discovery
without affording the registrant(s) of the Infringing Website an opportunity to
explain why their identity should not be subject to discovery, the relief crafted by

this Court in *Malibu Media, LLC* is instructive and may serve as useful guidepost. Specifically, although the Court granted leave to serve a subpoena on the third-party service provider, its Order imposed the following conditions:

1. Plaintiff may serve a Rule 45 subpoena upon the third party internet service provider Comcast Cable (the "ISP"), for the purpose of obtaining information necessary to identify the individual assigned with the IP address 73.52.94.247 ("John Doe Defendant"), specifically his or her name and address. The subpoena shall have a copy of this order attached;

2. The ISP will have fourteen (14) days from the date of service of the Rule 45 subpoena to serve the John DoeDefendant with a copy of the subpoena and a copy of this order. The ISP may serve the John Doe Defendant using any reasonable means, including written notice sent to his or her last known address, transmitted either by first-class mail or via overnight service;

3. The John Doe Defendant shall have fourteen (14) days from the date of service of the Rule 45 subpoena to file any motions with this court contesting the subpoena (including a motion to quash or modify the subpoena). The ISP may not turn over the John Doe Defendant's identifying information to Plaintiff before the expiration of this 28 day period. Additionally, if the John Doe Defendant or ISP files a motion to quash the subpoena, the ISP shall not produce any information to Plaintiff until the court issues an order instructing the ISP to resume production of the requested discovery. If the John Doe Defendant moves to quash or modify the subpoena, the John Doe Defendant shall contemporaneously notify the ISP so that the ISP is on notice not to release the John Doe Defendant's contact information to Plaintiff until the rules on any such motion;

4. If the 28 day period lapses without the John Doe Defendant or ISP contesting the subpoena, the ISP shall have fourteen (14) days to produce the information responsive to the subpoena to Plaintiff;

5. The ISP shall preserve any subpoenaed information pending the resolution of any timely-filed motion to quash;

Respectfully Submitted,

*/s/ Matthew H. Haverstick*

Matthew H. Haverstick (PA No. 85072)
Paul G. Gagne (PA No. 42009)
Shohin H. Vance (PA No. 323551)
Kleinbard LLC
Three Logan Square; Fifth Floor
1717 Arch Street
Philadelphia, PA  19103
Telephone:  215-568-2000
Fax:  215-568-0140

*Counsel for Defendant*

---

6. Any information ultimately disclosed to Plaintiff in response to a
   Rule 45 subpoena may be used by Plaintiff solely for the purpose
   of litigating the instant case.

*Id.* at \*3.  Accordingly, although the privacy concerns present in *Malibu Media* are
not presently implicated, to the extent this Court believes safeguards are necessary,
the above formulation would provide ample protection.\

## VERIFICATION

I, Jeff Millay, hereby verify that the following facts are true and correct to the best of my knowledge, information and belief and acknowledge that this verification is made subject to the penalties Section 4904 of the Crimes Code, *see* 18 Pa.C.S. § 4904, relating to unsworn falsification to authorities:

1. I am an adult male currently residing at Montoursville, Pennsylvania.

2. Since August 2016, I have been employed as the Sales Manager at Miele Manufacturing, which is the sole licensed distributor of Pennsylvania Skill Game Machines.

3. In my capacity as Sales Manager, I oversee the sale and distribution of the aforementioned gaming devices through the State.

4. Sometime in December 2018, I became aware that a website operating under the domain name www.paskillvending.com was promoting and selling game machines, including software and related components that purported to be a Pennsylvania Skill Game Machine produced and distributed by Miele Manufacturing, or closely associated with it.

5. Thereafter, I visited the webpage and called the phone number listed on it ((412) 412-2785), whereupon, I spoke to a person who only identified himself as John and offered  me a "skill game."

6. The individual did not provide a mailing address or any further identifying information, explaining that his supervisor was not at the office.

7. Over the course of the next few months, I became aware that one or more individuals associated with the above website were attempting to solicit customers in person, but

aside from leaving a leaflet showing the foregoing phone number, no other identifying information was provided.

8. Despite my best efforts, which have included substantial conversations with the targets of the solicitation at issue in this suit, my efforts to uncover information that could lead to an address associated with PASKILLVENDING.COM have proven unsuccessful.

Pursuant to 18 Pa.C.S. § 4904, the above statements are made under penalty of perjury.

Date: 7/8/19                              By: _Jeff Millay_

Jeff Millay

## CERTIFICATE OF SERVICE

I certify that, on July 8, 2019, I served all parties by filing the foregoing on

the Court's ECF filing system.

> */s/Shohin H. Vance*
> Kleinbard LLC
> Three Logan Square; Fifth Floor
> 1717 Arch Street
> Philadelphia, PA  19103
> Telephone:  215-568-2000
> Fax:  215-568-0140
>
> *Counsel for Defendant*

Malibu Media, LLC v. Doe, Not Reported in Fed. Supp. (2015)

2015 WL 5829792

2015 WL 5829792
Only the Westlaw citation
is currently available.
United States District
Court, M.D. Pennsylvania.

MALIBU MEDIA, LLC, Plaintiff
v.
John DOE subscriber assigned IP
address 73.52.94.247, Defendant.

CIVIL ACTION NO. 3:15−1703
|
Signed September 30, 2015

**Attorneys and Law Firms**

Christopher P. Fiore, Christopher P. Fiore,
Esquire, Harleysville, PA, for Plaintiff.

*MEMORANDUM*

MALACHY E. MANNION, United States
District Judge

**I. Introduction**

 **\*1** Presently before the court is an *ex parte*
Motion for Leave to Serve Third Party
Subpoena Prior to a Rule 26(f) Conference
(Doc. 6) filed by the Plaintiff, Malibu
Media, LLC. After considering the Plaintiff's
Memorandum of Law in Support of the
Motion (Doc. 7), this court will **GRANT** the
motion, subject to the conditions set forth
below.

**II. Background**

On September 1, 2015, Plaintiff filed a
complaint alleging copyright infringement
of various films it created and distributed
online against Defendant, an unnamed
Internet subscriber assigned with the IP
address 73.52.94.247. Plaintiff asserts the
following facts in its complaint (Doc. 1),
motion for expedited discovery (Doc. 6),
and memorandum of law in support thereof
(Doc. 7). The court accepts the allegations
as true for purposes of this motion, without
making any findings of fact. Plaintiff alleges
that Defendant downloaded, copied, and
distributed Plaintiff's films by using the
online BitTorrent file distribution network,
"one of the most common peer-to-peer
file sharing systems used for distributing
large amounts of data" (Doc. 1 at ¶
11). The technology at issue in this case
has been explained in detail by numerous
other courts and need not be repeated
herein. *See, e.g., Malibu Media LLC v.
Doe,* No. 1:15–cv–01129, 2015 WL 3795948,
at *1 (M.D. Pa. June 18, 2015); *Modern
Woman, LLC v. Does I–X,* No. 2:12–cv–
04858, 2013 WL 888603, at *1 (D.N.J. Feb.
27, 2013). Possessing only an IP address,
Plaintiff contends that it needs discovery
from third party internet service provider,
Comcast Cable ("Comcast" or the "ISP"),
in order to identify Defendant so that it
may serve the complaint upon Defendant,
prevent Defendant from continuing to
infringe Plaintiff's copyrighted works, and
seek redress for the illegal downloading and
distribution of its films (Doc. 7).

**III. Legal Standard**

Pursuant to Rule 26(d)(1), "a party may
not seek discovery from any source before

2015 WL 5829792

the parties have conferred as required by Rule 26(f)," except in certain circumstances not applicable here, or "by court order." Absent binding precedent setting forth the standard for when a court may order discovery prior to the Rule 26(f) conference, this court has looked to other district courts for guidance. When confronted by similar motions for expedited discovery to help identify the defendant(s) in copyright infringement cases, courts have employed a "good cause" standard. *See, e.g., Malibu Media, LLC v. John Does 1–18,* No. 1:12–cv–07643, 2013 U.S. Dist. LEXIS 155911, at *3 (D.N.J. Mar. 22, 2013); *Modern Woman,* 2013 WL 888603, at *2. Under FRCP 26(b)(1), "[f]or good cause, the court may order discovery of any matter relevant to the subject matter involved in the action."

## IV. Discussion

Plaintiff asserts that during the course of investigation, it obtained the IP address of Defendant, and that Comcast has information in its possession that will enable it to identify Defendant using the IP address. Specifically, Plaintiff seeks to serve a subpoena on Comcast pursuant to Rule 45 to solicit Defendant's name and address. Plaintiff argues there is no other way to obtain that information (Doc. 7 at 10).

**\*2** This court finds that Plaintiff has adequately established that good cause exists for serving a third party subpoena prior to the Rule 26(f) conference. Plaintiff seeks the name and address associated with the IP address 73.52.94.247, which was purportedly used to illegally distribute copyrighted works. The information that Plaintiff seeks

is relevant to its claims, as the information is "reasonably calculated to lead to the discovery of admissible evidence [at trial]" under Rule 26(b)(1) and may assist Plaintiff in identifying Defendant. The Plaintiff's only means of identifying Defendant is through discovery from Comcast, and hence it is the sole means to serve Defendant with the complaint and pursue its claims. In addition, the court notes that pursuant to 47 U.S.C. § 551(c)(2)(B), a cable provider may disclose such personally identifiable information if such disclosure is "made pursuant to a court order authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is directed."

Given the *ex parte* nature of the application, the court finds it prudent to impose conditions on Plaintiff's requested relief, "in an effort to fashion a remedy that will ensure that the rights of all parties are adequately protected." *Modern Woman,* 2013 WL 707908, at *5. Several district courts have fashioned similar limitations in cases such as this, where plaintiff moves for expedited discovery to identify a John Doe defendant. *See Malibu Media LLC v. Doe,* 2015 WL 3795948, at *3; *Malibu Media,* 2013 U.S. Dist. LEXIS 155911, at *11; *Modern Woman,* 2013 WL 888603, at *5; *Next Phase Distribution, Inc. v. John Does 1–27,* 284 F.R.D. 165, 172 (S.D.N.Y.2012).

Accordingly, the court will grant Plaintiff's motion, subject to the conditions outlined below:

1. Plaintiff may serve a Rule 45 subpoena upon the ISP for the purpose of obtaining

Malibu Media, LLC v. Doe, Not Reported in Fed. Supp. (2015)

2015 WL 5829792

information necessary to identify the individual assigned with the IP address 73.52.94.247 (the "John Doe Defendant"), specifically his or her name and address. The subpoena shall have a copy of the order attached;

2. The ISP will have fourteen (14) days from the date of service of the Rule 45 subpoena to serve the John Doe Defendant with a copy of the subpoena and a copy of the order. The ISP may serve the John Doe Defendant using any reasonable means, including written notice sent to his or her last known address, transmitted either by first-class mail or via overnight service;

3. The John Doe Defendant shall have fourteen (14) days from the date of service of the Rule 45 subpoena to file any motions with this court contesting the subpoena (including a motion to quash or modify the subpoena). The ISP may not turn over the John Doe Defendant's identifying information to Plaintiff before the expiration of this 28 day period. Additionally, if the John Doe Defendant or ISP files a motion to quash the subpoena, the ISP shall not produce any information to Plaintiff until the court issues an order instructing the ISP to resume production of the requested discovery. If the John Doe Defendant moves to quash or modify the subpoena, the John Doe Defendant shall contemporaneously notify the ISP so that the ISP is on notice not to release the John Doe Defendant's contact information to Plaintiff until the court rules on any such motion;

4. If the 28 day period lapses without the John Doe Defendant or ISP contesting the subpoena, the ISP shall have fourteen (14) days to produce the information responsive to the subpoena to Plaintiff;

5. The ISP shall preserve any subpoenaed information pending the resolution of any timely-filed motion to quash;

6. Any information ultimately disclosed to Plaintiff in response to a Rule 45 subpoena may be used by Plaintiff solely for the purpose of litigating the instant case.

## V. Conclusion

It is for the foregoing reasons that the court **GRANTS** the motion (Doc. 6), subject to the conditions above. An appropriate order shall follow.

## ORDER

For the reasons set forth in the Memorandum of this date, **IT IS HEREBY ORDERED THAT** the court **GRANTS** Plaintiff's Motion for Leave to Serve Third Party Subpoena Prior to a Rule 26(f) Conference (Doc. 6), subject to the conditions below:

**\*3** 1. Plaintiff may serve a Rule 45 subpoena upon the third party internet service provider Comcast Cable (the "ISP"), for the purpose of obtaining information necessary to identify the individual assigned with the IP address 73.52.94.247 ("John Doe Defendant"),

Malibu Media, LLC v. Doe, Not Reported in Fed. Supp. (2015)

Case 4:19-cv-00529-MWB Document 12 Filed 07/08/19 Page 17 of 24

2015 WL 5829792

specifically his or her name and address. The subpoena shall have a copy of this order attached;

2. The ISP will have fourteen (14) days from the date of service of the Rule 45 subpoena to serve the John Doe Defendant with a copy of the subpoena and a copy of this order. The ISP may serve the John Doe Defendant using any reasonable means, including written notice sent to his or her last known address, transmitted either by first-class mail or via overnight service;

3. The John Doe Defendant shall have fourteen (14) days from the date of service of the Rule 45 subpoena to file any motions with this court contesting the subpoena (including a motion to quash or modify the subpoena). The ISP may not turn over the John Doe Defendant's identifying information to Plaintiff before the expiration of this 28 day period. Additionally, if the John Doe Defendant or ISP files a motion to quash the subpoena, the ISP shall not produce any information to Plaintiff until the court issues an order instructing the ISP to resume production of the requested discovery. If the John Doe Defendant moves to quash or modify the subpoena, the John Doe Defendant shall contemporaneously notify the ISP so that the ISP is on notice not to release the John Doe Defendant's contact information to Plaintiff until the rules on any such motion;

4. If the 28 day period lapses without the John Doe Defendant or ISP contesting the subpoena, the ISP shall have fourteen (14) days to produce the information responsive to the subpoena to Plaintiff;

5. The ISP shall preserve any subpoenaed information pending the resolution of any timely-filed motion to quash;

6. Any information ultimately disclosed to Plaintiff in response to a Rule 45 subpoena may be used by Plaintiff solely for the purpose of litigating the instant case.

**All Citations**

Not Reported in Fed. Supp., 2015 WL 5829792

---

**End of Document**
© 2019 Thomson Reuters. No claim to original U.S. Government Works.

2009 WL 982750
Only the Westlaw citation
is currently available.

**This decision was reviewed by
West editorial staff and not
assigned editorial enhancements.**

United States District Court,
M.D. Pennsylvania.

POWER CORPORATION
OF CANADA, Plaintiff
v.
POWER FINANCIAL,
John Does 1–10, and ABC
Corporations 1–10, Defendants.

Civil Action No. 4:09–CV–0510.
|
April 13, 2009.

**Attorneys and Law Firms**

Arthur Newbold, Jeffrey S. Edwards, Dechert LLP, Philadelphia, PA, for Plaintiff.

*ORDER*

CHRISTOPHER C. CONNER, District Judge.

**\*1** AND NOW, this 13th day of April, 2009, upon consideration of plaintiff's motion (Doc. 7) for leave to serve process upon defendant Power Financial via email, and it appearing that a plaintiff who is unable to serve process through customary methods may request permission to effect service via alternate means, *see* PA. R. CIV. P. 430(a); *see also* FED. R. CIV. P. 4(e)(1), (h)(1)(A), and that a plaintiff filing such a request must show that (1) the plaintiff made a good faith effort to locate the defendant, (2) the plaintiff undertook practical efforts to effectuate service through traditional means, and (3) the alternate form of service is "reasonably calculated to provide the defendant with notice of the proceedings against him," *Calabro v. Leiner*, 464 F.Supp.2d 470, 472 (E.D.Pa.2006); *see also* *PNC Bank, N.A. v. Unknown Heirs*, 929 A.2d 219, 229 (Pa.Super.Ct.2007), and it further appearing that a cease-and-desist letter sent by plaintiff's counsel to the mailing address listed on Power Financial's website was returned as undeliverable, (Doc. 9, Ex. 1 ¶ 2), that plaintiff retained a private investigator to visit the site of the mailing address appearing on the website,[1] (Doc. 9, Ex. 2 ¶ 2), and that the investigator confirmed that Power Financial maintains no physical presence there, (*id.*), and the record reflecting that plaintiff retained a second private investigator to identify the owner of the internet domain www.powerfinloans.com, which Power Financial uses to transact business, (Doc. 9, Ex. 3 ¶ 2), that the domain is registered through an online service that shields the owner's identity from publicly accessible databases, (*id.* ¶¶ 3–4), and that the second investigator was unable to obtain Power Finanical's correct mailing address either by calling the company's customer support center[2] or from publicly accessible online records, (*id.* ¶¶ 5–13), and the record further

reflecting that plaintiff's counsel has sent messages to and received messages from Power Financial using the email address support@powerfinloans.com, (Doc. 9, Ex. 1 ¶ 3), and the court concluding that plaintiff has undertaken a good faith effort to identify a physical address for defendant and to serve process through traditional means, that Power Financial has engaged in efforts to prevent plaintiff from ascertaining its physical location, and that serving Power Financial by email is reasonably calculated provide notice of the instant suit to Power Financial because its personnel have communicated with plaintiff's counsel using the address support @powerfinloans.com,

see *Rio Props., Inc. v. Rio Int'l Interlink,* 284 F.3d 1007, 1013, 1017 (9th Cir.2002) (allowing service via email because plaintiff, despite extensive inquiry, could identify no physical address for defendant); *MacLean–Fogg Co. v. Ningbo Fastlink Equip. Co.,* No. 08 CV 2593, 2008 WL 5100414, at *2 (N.D.Ill.Dec.1, 2008) (authorizing email service on a foreign corporation because plaintiffs were unsuccessful in effectuating traditional service but demonstrated that defendants transacted business online); *Keller Williams Realty, Inc. v. Lapeer,* No. 4:08–CR–1292, 2008 WL 2944601, at *2 (S.D.Tex. July 31, 2008); *Juniper Networks, Inc. v. Bahattab,* No. Civ.A. 07–1771, 2008 WL 250584, at *1 (D.D.C. Jan. 30, 2008); *Philip Morris USA, Inc. v. Veles*

*Ltd.,* No. 06 CV 2988, 2007 WL 725412, at *2–3, (S.D.N.Y. Mar. 12, 2007); *D.R.I., Inc. v. Dennis,* No. 03 Civ. 10026, 2004 WL 1237511, at *1 (S.D.N.Y. June 3, 2004), it is hereby ORDERED that:

1   The only business housed at the mailing address is a branch of the UPS Store. (Doc. 9, Ex. 2 ¶ 2.) Power Financial does not maintain a postal box at the location. (*Id.* ¶ 3.)

2   The investigator called the customer support telephone number listed on Power Financial's website and spoke with an individual who identified himself as Peter. (Doc. 9, Ex. 3 ¶ 11.) The individual, who handles customer support issues, refused to provide Power Financial's mailing address. (*Id.*) The investigator then asked to speak with a Power Financial sales representative but was informed that he could only contact sales personnel by submitting his email address and awaiting a response. (*Id.*) The investigator provided his email address but received no reply from defendant. (*Id.*)

**\*2** 1. Plaintiff's motion (Doc. 7) for leave to serve process by email is GRANTED. Plaintiff may serve defendant Power Financial via an email sent to the address support@powerfinloans.com. *See* PA. R. CIV. P. 430(a).

2. Plaintiff shall attach a copy of this order to the process served on Power Financial.

## All Citations

Not Reported in F.Supp.2d, 2009 WL 982750

Case 4:19-cv-00529-MWB Document 12 Filed 07/08/19 Page 20 of 24

Washington County Family Entertainment, LLC v. RNN..., Not Reported in Fed....

2018 WL 287932

2018 WL 287932
Only the Westlaw citation
is currently available.
United States District
Court, W.D. Pennsylvania.

WASHINGTON COUNTY FAMILY
ENTERTAINMENT, LLC, Plaintiff,

v.

RNN ENTERTAINMENT
INC., et al., Defendants.

C.A. No. 2:17-cv-807
|
Signed 01/04/2018

**Attorneys and Law Firms**

Ryan James, Shane D. Valenzi, Farneth
Tomosovich, LLC, Pittsburgh, PA, for
Plaintiff.

Gustave Heningburg, South Orange, NJ,
Dimitri Hurt, O'Connor & Hurt P.C.,
Los Angeles, CA, Louis J. Kroeck,
IV, Anstandig, McDyer and Yurcon,
Pittsburgh, PA, for Defendants.

Romel Marcus, Brooklyn, NY, pro se.

Derrick Robinson, Brooklyn, NY, pro se.

**MEMORANDUM
OPINION AND ORDER**

Cynthia Reed Eddy, United States
Magistrate Judge

## I. INTRODUCTION

**\*1** Presently pending before the court
is a Motion for Alternative Service on
Defendant Oluremi Daramola (ECF No.
65) filed by Plaintiff Washington County
Family Entertainment, LLC ("Plaintiff" or
"WCFE"). For the reasons set forth, the
court will grant the motion.

## II. FACTUAL BACKGROUND

In it motion Plaintiff WCFE avers that
its efforts to serve named Defendant
Daramola by the standard methods of
service authorized by Rule 4 of the
Federal Rules of Civil Procedure have
failed because Daramola is "intentionally
avoiding service of process." Daramola
is the sole and managing member of
defendant RTD Group LLC ("RTD"). The
Summons was reissued on November 13,
2017 (ECF No. 50). According to Plaintiff,
a private process server and investigator
has attempted four times, on different
dates and at different times, to serve the
Summons and Amended Complaint upon
Daramola at his listed residential address
(without success), telephone calls to known
legal counsel for RTD and Daramola
have been unanswered and not responded
to, and the private process server and
investigator made four separate attempts
to serve Daramola at another residential
address (without success), again at various
times and on various dates. Furthermore
Plaintiff's counsel sent a two emails to
known legal counsel for RTD and Daramola
attaching the Summons and Amended
Complaint; although delivered, the emails
were not responded to. A copy of one
email was subsequently sent to that same
legal counsel via confirmed facsimile, but

Case 4:19-cv-00529-MWB   Document 12   Filed 07/08/19   Page 21 of 24

Washington County Family Entertainment, LLC v. RNN..., Not Reported in Fed....

2018 WL 287932

to date counsel has not communicated with Plaintiff's counsel. Moreover, the California Secretary of State lists "Legalzoom.com" as the registered agent for RTD, and is thus authorized to accept delivery of copies of service of process on behalf of RTD. RTD was successfully served on November 27, 2017 via Legal Zoom. Nevertheless, Daramola has not been served.

WCFE proposes alternate means of service of process upon Daramola via three different methods, through: (a) an email with delivery receipt to thertdgroup@gmail.com; (b) United States certified mail and facsimile to Daramola's known counsel, Mr. Wander, Law Offices of Perry C. Wander, 454 Wilshire Boulevard, Penthouse, Beverly Hills, California 90212, Fax No. 310-274-9985; and (c) United States certified mail to RTD's registered agent, LegalZoom.

### III. DISCUSSION

In federal court, a plaintiff may serve a defendant pursuant to the law of the state in which the district court sits, or in which service is to be effected. Fed. R. Civ. P. 4(e)(1); *McFadden v. Weiss*, No. 13-2914, 2014 WL 5880097, at *2 (E.D. Pa. Nov. 13, 2014); *Calabro v. Leiner*, 464 F. Supp. 2d 470, 471 (E.D. Pa. 2006). Thus, Plaintiff can satisfy Rule 4(e)(1) by serving Defendant in a manner consistent with either Pennsylvania or California law.

Under Pennsylvania law, a plaintiff may serve an individual defendant outside the Commonwealth.

(1) by personal service, as provided in Pennsylvania Rule 402(a);

(2) by mail, as provided in Pennsylvania Rule 403; and

(3) as permitted by the law of the jurisdiction in which service is to be made.[1]

*See* PA. R. Civ. P. 404(1)–(3).

[1]  California law permits a party to effect service by mailing "[a] copy of the summons and complaint ... to the person to be served, together with two copies of the notice and acknowledgment provided for in subdivision (b) and a return envelope, postage prepaid, addressed to the sender." Cal. Civ. Proc. Code § 415.30(a-b).

**\*2** If, however, "service cannot be made" outside the Commonwealth pursuant to the methods set forth in Pennsylvania Rule 404(1)–(3), the plaintiff "may move the court for a special order directing the method of service." *See* PA. R. Civ. P. 430(a) (emphasis added); *Calabro*, 464 F. Supp. 2d at 472 ("Alternative service is only appropriate when service 'cannot be made' under the applicable [Pennsylvania Rule]."). Such a motion for alternative service "*shall* be accompanied by an affidavit stating the nature and extent of the investigation [that] has been made to determine the whereabouts of the defendant and the reasons why service cannot be made." Pa. R. Civ. P. 430(a) (emphasis added).

Under Pennsylvania law, the plaintiff must meet three conditions for alternative service. *McFadden*, 2014 WL 5880097, at *2 (citing *Calabro*, 464 F. Supp. 2d at 471–72). First,

Washington County Family Entertainment, LLC v. RNN..., Not Reported in Fed....

Case 4:19-cv-00529-MWB Document 12 Filed 07/08/19 Page 22 of 24

2018 WL 287932

the plaintiff "must make a 'good faith' effort to *locate* [the] defendant." *Calabro*, 464 F. Supp. 2d at 472 (citing *Grove*, 222 F.R.D. at 256; *Adoption of Walker*, 360 A.2d 603 (1976)) (emphasis in original).

> An illustration of a good faith effort to locate the defendant includes [:] (1) inquiries of postal authorities including inquiries pursuant to the Freedom of Information Act, 39 C.F.R. Part 265, (2) inquiries of relatives, neighbors, friends, and employers of the defendant, and (3) examinations of local telephone directories, voter registration records, local tax records, and motor vehicle records.

PA. R. Civ. P. 430(a). "It is not necessary that [the plaintiff] pursue every method listed in ... [Pennsylvania] Rule 430(a) ... to satisfy the good faith effort requirement." *Calabro*, 464 F. Supp. 2d at 472 & n.4 (citing *Long v. Polidori*, No. 03-1439, 2003 WL 21278868, at *1 (E.D. Pa. May 29, 2003)).

Second, "once [the defendant] is located, [the plaintiff] must show that she has made practical efforts to *serve* [the defendant] under the circumstances," but has been unable to do so. *Id.* (citing *Clayman v.*

*Jung*, 173 F.R.D. 138, 142 (E.D. Pa. 1997)) (emphasis in original). "[The] [p]laintiff bears the burden to show that these efforts were made." *McFadden*, 2014 WL 5880097, at *4. With respect to this requirement, courts in the Third Circuit have

> found a plaintiff's efforts to be sufficient when he or she has made six attempts at service, ... or repeated attempts[,] ... including a stake out.... On the other hand, courts have found efforts to be insufficient where three attempts were made with two falling on the same day of the week and two occurring at the same time of day[,] ... or when two attempts were made on consecutive days of the week with the first being made to a vacant office.

*Viking Ins. Co. of Wis. v. Rivas*, No. 12-6899, 2013 WL 1842229, at *3 (E.D. Pa. May 1, 2013) (quoting *Olympic Steel, Inc. v. Pan Metal & Processing, L.L.C.*, No. 11-0693, 2011 WL 6739447, at *3 (E.D. Pa. Dec. 21, 2011)); *cf. Banegas v. Hampton*, No. 08-5348, 2009 WL 1140268, at *2 (E.D. Pa. Apr. 27, 2009) ("To claim that the single service attempt under these circumstances satisfies the practical efforts standard requires a substantial reinterpretation of the standard itself.").

Washington County Family Entertainment, LLC v. RNN..., Not Reported in Fed....

Case 4:19-cv-00529-MWB   Document 12   Filed 07/08/19   Page 23 of 24

2018 WL 287932

Third, assuming the plaintiff "satisfied the first two steps, [the plaintiff's] proposed alternate means of service must be reasonably calculated to provide [the defendant] with notice of the proceedings against him [or her]." *Calabro*, 464 F. Supp. 2d at 472 (citing *Clayman*, 173 F.R.D. at 140; *Penn v. Raynor*, No. 89-553, 1989 WL 126282, at *4 n.3 (E.D. Pa. Oct. 18, 1989); *Kittanning Coal Co. v. Int'l Mining Co.*, 551 F. Supp. 834, 838 (W. D. Pa. 1982)). As the court in *Calabro* noted:

> **\*3** Service of process is not a mere technicality. Rather, constitutional due process requires that service of process be "reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.

*Id.* (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)).

We have reviewed the pending motion and the attached exhibits and conclude Plaintiff has engaged in good faith efforts to locate Defendant's address, has made practical efforts to serve him through traditional means under the circumstances. Yet the proposed alternative methods of service must be reasonably calculated to provide Defendant with notice of the pending proceedings. Plaintiff's attorney has filed a declaration in support of the pending motion, attesting to the attempts to serve Daramola. Plaintiff's attorney states that "[u]pon information and belief,

in his capacity as the managing member and Chief Executive Officer of RTD, Daramola utilizes the following email address: thertdgroup@gmail.com." (ECF No. 65-7 at p. 3). Attempts to serve Daramola via Perry C. Wander, Esq., known legal counsel for RTD through email and facsimile have not proven successful, although RTD's public website lists Daramola as its Chief Executive Officer and Founder. Given the history of apparent evasion, we are inclined to permit alternative service via email with delivery receipt to thertdgroup@gmail.com, as well as by legal publication in a legal journal or local newspaper, as well as to Darmola's known counsel.

AND NOW, this 4th day of January, 2018, upon consideration of Plaintiff's Motion for Alternative Service on Defendant Oluremi Daramola (ECF No. 65), and for good cause shown, it is ORDERED that the Motion is GRANTED and that:

1. Plaintiff shall serve the Summons and Amended Complaint upon Defendant Oluremi Daramola:

   a. By emailing Daramola at email with delivery receipt to thertdgroup@gmail.com;

   b. By mailing via United States certified mail and facsimile the documents to Daramola in care of his counsel Perry C. Wander, Esq., 454 Wilshire Boulevard, Penthouse, Beverly Hills, California 90212, Fax No. 310-274-9985; and

**WESTLAW**   © 2019 Thomson Reuters. No claim to original U.S. Government Works.

Case 4:19-cv-00529-MWB   Document 12   Filed 07/08/19   Page 24 of 24
Washington County Family Entertainment, LLC v. RNN..., Not Reported in Fed....
2018 WL 287932

c. By advertising a notice of the action in the Daily Journal of Los Angeles, California and the Los Angeles Times of Los Angeles California.

2. Service shall be complete and effective upon filing proof of service as directed.

**All Citations**

Not Reported in Fed. Supp., 2018 WL 287932

---

**End of Document**                              © 2019 Thomson Reuters. No claim to original U.S. Government Works.