## IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| POM OF PENNSYLVANIA, LLC<br>t/d/b/a PACE-O-MATIC, and<br>SAVVY DOG SYSTEMS, LLC, | : :<br>:<br>: : | |
| | : | NO. 4:19-cv-00529-MWB |
| Plaintiffs, | : : | |
| v. | : : | |
| PASKILLVENDING.COM,<br>JOHN DOES 1-100, and<br>XYZ COMPANIES 1-100, | : :<br>:<br>: : | |
| Defendants. | : | |

## OPENING BRIEF IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT

Pursuant to Local Rule of Civil Procedure 7.5, Plaintiffs POM of Pennsylvania, LLC and Savvy Dog Systems, LLC (collectively, "Plaintiffs") submit this brief in support of their Motion for Leave to File an Amended Complaint. *See* ECF No. 15. The overarching purpose of this Motion is add a previously unknown Defendant, Elias Hanna, whose identity was revealed as part of the limited discovery granted by the Court in its July 15, 2019 Order. ECF. No. 13. Adding Mr. Hanna to this lawsuit will place a necessary Defendant into the case and facilitate an orderly and expeditious resolution of this action.

As set forth below, because motions for leave to amend pleadings are routinely granted in the Third Circuit in situations such as the one at bar and the

1

Court has previously granted Plaintiffs' authorization to determine the identities and locations of the previously unknown defendants, the Court should grant leave to amend the complaint to add Mr. Hanna to this action.

## I.   BACKGROUND

### A. General Factual and Procedural History.

On March 25, 2019, Plaintiffs commenced this action seeking damages resulting from the repeated and continuous unauthorized use of their common-law trademark by Defendants PASKILLVENDING.COM acting in concert with various unidentified Doe(s) (collectively, "Defendants").

Plaintiffs manufacture and develop innovative games for the coin-op industry in the Commonwealth of Pennsylvania, which is marketed under the mark PENNSYLVANIA SKILL, as well as various related design marks and combination marks with design elements (collectively, the "Pennsylvania Skill Mark"). As a result of Plaintiffs' considerable financial investments and efforts over the last decade, which are detailed in the Complaint, the Pennsylvania Skill Mark has earned a distinctive reputation among consumers and within the relevant trade, even garnering significant unsolicited coverage in various media outlets. ECF No. 1, ¶¶ 11-20.

In December 2018, Plaintiffs became aware that Defendants were intentionally using the Pennsylvania Skill Mark in connection with their efforts to

advertise, promote and sell their game machines (the "Counterfeit Product"), including software and related components *via* www.paskillvending.com, (the "Infringing Webpage"). As relevant herein, the Infringing Website, among other things: (a) expressly used the Pennsylvania Skill Mark; (b) contained specific indicia of a deliberate attempt to resemble the websites maintained by Plaintiffs and Miele Manufacturing, Inc., which is the sole licensed distributor of their product; and (c) portrayed the product it offered as being manufactured, designed, and/or sold by Plaintiffs, or otherwise closely linked to them.

According to public records, the Infringing Webpage was created on or about September 7, 2018, but the identity of its registrant was previously unavailable because the domain was registered through Domains By Proxy LLC ("Domains By Proxy"), which is an entity that allows registrants to remain anonymous. After many failed efforts to elucidate the identity of the registrant and effectuate service (*see* ECF No. 12 at 3-4 (outlining Plaintiffs' service efforts), Plaintiffs sought relief from the Court and filed an Omnibus Motion for Extension of Deadline for Service of Process, Leave to Serve Process by E-mail, and Conduct Third-Party Discovery on June 24, 2019. (ECF No. 11, 12.)

On July 15, 2019, the Court granted Plaintiffs' Omnibus Motion and ordered: (i) that Plaintiffs may serve Defendants through email service; and (ii) that Plaintiffs may engage in discovery limited to the issue of Defendants'

3

identities and location through service of a subpoena on Domains By Proxy. (ECF No. 13 at 2-3.)

Thereafter, Plaintiffs served a subpoena dated August 26, 2019 on Domains By Proxy seeking production of "any and all documents pertaining to the identity and whereabouts of all persons who operate or maintain the domain site denominated www.paskillvending.com" and related personal information for those individuals. (Ex. A at 6[1].) In correspondence dated October 23, 2019, Domains By Proxy responded to the subpoena and produced documents that identify Elias Hanna as the registrant for www.paskillvending.com. (*Id.* at 4-5.) The production also identifies Mr. Hanna's address and contact information. (*Id.*) Accordingly, Plaintiffs now seek leave to amend the complaint to add Elias Hanna as a defendant in the present action.

## II.    STATEMENT OF QUESTION INVOLVED

The question at bar is whether or not Plaintiffs should be granted leave to file an amended complaint pursuant to Fed.R.Civ.P. 15 to add a recently discovered individual, Elias Hanna, as a Defendant.

## III.    ARGUMENT

---

[1] Citations to Ex. A in this brief refer to co-filed Exhibit A attached to this Opening Brief in Support of Plaintiffs' Motion for Leave to File an Amended Complaint. Plaintiffs note that they have additionally moved to seal Exhibit A.

4

### A. Leave to amend is warranted under the circumstances because Plaintiffs have not engaged in any action that would affect the normal practice of freely granting leave to amend.

Under the Federal Rules of Civil Procedure, when a party seeks to amend its pleadings, "the court should freely give leave when justice so requires." Fed.R.Civ.P. 15(a)(2); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962). As recognized by the Third Circuit Court of Appeals, Rule 15's goal is, in part, to offer the "maximum opportunity for each claim to be decided on its merits rather than on procedural technicalities." *United States v. Thomas*, 221 F.3d 430, 435 (3d Cir. 2000) (citations omitted).

A trial court should grant leave to amend absent a showing that the party seeking leave has engaged in "undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment." *Dobson v. Milton Hershey School*, 356 F. Supp. 3d 428, 434 (M.D. Pa. 2018) (citing *Foman*, 371 U.S. at 182); *see also Oran v. Stafford*, 226 F.3d 275, 291 (3d Cir. 2000).

Here there has been no undue delay, bad faith, or dilatory motive. Shortly after receiving the Court's July 15, 2019 Order permitting discovery on the issue of Defendants' identities and location (ECF No. 13), Plaintiffs served a subpoena on Domains By Proxy to that effect (Ex. A at 6). Months later, in a production dated October 23, 2019, Plaintiffs received documents from Domains By Proxy listing

Elias Hanna as the registrant of the Infringing Webpage. (*Id.* at 1, 4-5.) Now, less than a month later, Plaintiffs are seeking leave to amend to add Mr. Hanna as a Defendant in this matter. Plaintiffs have been diligent in their effort to situate the proper parties to this matter and there has been no undue delay, bad faith, or dilatory motive.

Likewise, the facts at bar do not demonstrate repeated failure to cure deficiencies, given that this is Plaintiffs' first request to amend the pleadings and the Court has previously countenanced Plaintiffs' efforts to ascertain the proper Defendant (ECF. No. 13).

Further, grant of the instant motion would not unfairly prejudice PASKILLVENDING.COM or Mr. Hanna. Based on the information contained in Domains By Proxy's subpoena response, Mr. Hanna is the sole named registrant of the Infringing Website (Ex. A at 4-5) and has known or reasonably should have known about this lawsuit from its inception as a result of Plaintiffs consistent efforts to contact and serve Defendants by email at paskillvending.com@domainsbyproxy.com. ECF No. 14; *see also* ECF No. 12 at 3-4 (outlining efforts to contact Defendant website). Moreover, to this point, Defendants have not formally appeared in this action and, as logically follows, have not filed an answer. This matter is in its nascent stages and adding Mr.

Hanna to the action at this juncture reduces the risk of any prejudice, promotes efficiency, and eliminates the risk of duplication of effort.

Regarding the futility factor, Plaintiffs' proposed amendment is not futile. "Futility of amendment occurs when the complaint, as amended, does not state a claim upon which relief can be granted." *Briggs v. Macy's Inc.*, 329 F.R.D. 82, 85-86 (M.D. Pa. 2018); *see In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997) ("In assessing 'futility,' the district court applies the same standard of legal sufficiency as applies under Rule 12(b)(6)[]"). Based on the information gleaned from Domains By Proxy – and viewing the evidence in a light most favorable to Plaintiffs – Mr. Hanna is involved with the operations of the Infringing Website and, in fact, is its only named registrant. (Ex. A at 4-5.) Accordingly, Plaintiffs' previously well-pleaded and legally cognizable allegations against Defendants are equally applicable to Mr. Hanna and state a claim upon which relief can be granted.

Lastly, equitable considerations militate in favor of permitting amendment. But for Defendants evasive tactics, including refusal to provide contact information and ignoring waiver of service, service, and other related email correspondence, *see* ECF No. 12 at 3-4, Mr. Hanna would have been added as a Defendant to this action much sooner. Indeed, it was these evasive actions that compelled Plaintiffs to seek relief from the Court. *See* ECF No. 11-12.

For the foregoing reasons, there has been no "undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment." *Dobson*, 356 F. Supp. 3d at 434 (citing *Foman*, 371 U.S. at 182). Moreover, equitable considerations favor amendment.

## IV.    <u>CONCLUSION</u>

For the reasons stated above, Plaintiffs respectfully request that the Court grant Plaintiffs' motion for leave to file an amended complaint.

Respectfully Submitted,

Matthew H. Haverstick (PA No. 85072)
Paul G. Gagne (PA No. 42009)
Shohin H. Vance (PA No. 323551)
Kleinbard LLC
Three Logan Square; Fifth Floor
1717 Arch Street
Philadelphia, PA  19103
Telephone:  215-568-2000
Fax:  215-568-0140

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I certify that, on November 21, 2019, I served Defendant Elias Hanna via

First-Class Mail at his last known address.

Kleinbard LLC
Three Logan Square; Fifth Floor
1717 Arch Street
Philadelphia, PA 19103
Telephone: 215-568-2000
Fax: 215-568-0140

*Counsel for Plaintiffs*