## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| POM OF PENNSYLVANIA, LLC t/d/b/a PACE-O-MATIC, and SAVVY DOG SYSTEMS, LLC, | : : : : | 4:19-cv-00529-MWB |
| Plaintiffs, | : : | |
| v. | : : | |
| PASKILLVENDING.COM, ELIAS HANNA, JOHN DOES 1-100, and XYZ COMPANIES 1-100, | : : : : | |
| Defendants. | : | |

## FIRST AMENDED COMPLAINT

Plaintiffs POM of Pennsylvania, LLC, t/d/b/a Pace-O-Matic, and Savvy Dog Systems, LLC, (collectively, "Plaintiffs"), by and through their attorneys, bring this action against PASKILLVENDING.COM, Elias Hanna, and various other persons, whose true identities are currently unknown (collectively, "Defendants"). In support thereof, Plaintiffs allege as follows:

## NATURE OF THE ACTION

1. This is a civil action for (i) unfair competition in the nature of false designation of origin and violation of a common-law trademark under Section 43(a) of the Lanham Act, *see* 15 U.S.C. § 1125(a): and (ii) substantial and related claims under the laws of the Commonwealth of Pennsylvania, all arising from the unauthorized use of Plaintiffs' common-law trademark, by Defendants, in

{01836424;v2 }

connection with their distribution, marketing, advertising, promotion, and/or sale of electronic games and software plays.

## **PARTIES**

2.     Plaintiff POM of Pennsylvania, LLC ("POM") is a limited liability company formed under the laws of Wyoming, trading and doing business as Pace-O-Matic, with its principal place of business in Duluth, Georgia.

3.     Plaintiff Savvy Dog Systems, LLC ("Savvy Dog") is an intellectual property holding company, formed under the laws of Wyoming as a limited liability company, with its principal place of business in Duluth, Georgia.

4.     Defendant PASKILLVENDING.COM is a business, which operates via, *inter alia*, its website www.paskillvending.com, Elias Hanna, and various agents and/or representatives in Pennsylvania.

5.     Upon information and belief, Defendant Elias Hanna is the owner, registrant, and operator of www.paskillvending.com and is the website's chief technical, administrative, and billing contact.

6.     Upon information and belief, Mr. Hanna is domiciled in Irwin, Pennsylvania 15642.

7.     Defendants John Does 1-100 and XYZ Companies 1-100, in conjunction with the aforementioned named defendants, are engaged in the same or similar conduct as alleged in this First Amended Complaint.

{01836424;v2 }                                          2

## JURISDICTION AND VENUE

8.    This Court has subject matter jurisdiction over this matter pursuant to 15 U.S.C. § 1121, relating to unregistered trademark infringement and false designation of origin.  *See* also 28 U.S.C. §§ 1331, 1338.  This Court has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367.

9.    The Court has personal jurisdiction over Defendants because, on information and belief, Defendants have deliberately directed activities to Pennsylvania in the form of a website that is integral to their business, namely www.paskillvending.com.

10.    Through its website and other activities, Defendants use the PENNSYLVANIA SKILL mark to conduct transactions with persons in Pennsylvania.

11.    Moreover, on information and belief, Elias Hanna is domiciled in Irwin, Pennsylvania.

12.    Venue is proper in the United States District Court for the Middle District of Pennsylvania under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## FACTS

13.    POM is a manufacturer and developer of innovative games for the coin-op industry in the Commonwealth of Pennsylvania.

14.     POM markets its games under the mark PENNSYLVANIA SKILL, as well as various related design marks and combination marks with design elements (collectively, the "Pennsylvania Skill Mark").

15.     Pursuant to a license agreement with Savvy Dog, POM is the exclusive licensee of the Pennsylvania Skill Mark in the Commonwealth of Pennsylvania.

16.     POM, and its predecessor company, has continuously used the Pennsylvania Skill Mark in association with the sale and distribution of its game software, game consoles, game software leasing, and related goods and services since at least September 4, 2013.

17.     POM, through its licensees and authorized distributors, advertises and provides the game machines under the Pennsylvania Skill Mark throughout Pennsylvania, as well as to distributors with locations outside of Pennsylvania.

18.     Specifically, POM licenses its software and the Pennsylvania Skill Mark to its distributor in Pennsylvania—Miele Manufacturing, Inc. ("Miele").  In turn, Miele distributes POM's product to various route operators for use in gaming arcades, restaurants, bars and other public entertainment venues.

19.     The Pennsylvania Skill Mark is depicted in the following images, which appear on the official website's of Miele and POM, respectively:





*https://www.mielemfg.com/game-cabinets*

*http://www.paceomatic.com/Cabinets/Flex-1*

20.    POM's widespread, continuous, and exclusive use of the Pennsylvania Skill Mark to identify its game machines has garnered a recognition of the distinct nature of the product represented by that mark and has firmly established POM as the sole source of said product.

21.    Furthermore, POM has expended substantial time, money, and resources in marketing, advertising, and otherwise promoting the game equipment and software sold under the Pennsylvania Skill Mark.

22.    In addition to the usual costs associated with the promotion and distribution of any product, POM has also incurred considerable expenses in

{01836424;v2 }                                5

litigating the legality of its proprietary game equipment and software—all of which bear the Pennsylvania Skill Mark—in various venues, including in Beaver County, where said games and software were adjudicated to be legal and otherwise in compliance with Pennsylvania law. *See In re:  Pace-O-Matic Equipment, Terminal I.D. No. 142613*, M.D. No. 965-2013 (Beaver Co. C.C.P. 2014) (a true and correct copy of the court's Memorandum Opinion and Order dated December 23, 2014 is attached hereto as Exhibit "A").

23.    As a result of the aforementioned expenditures and efforts, the Pennsylvania Skill Mark has come to signify the high quality of the game machines offered by POM under that mark, and acquired incalculable distinction, reputation, and goodwill belonging exclusively to Plaintiffs as the sole source of goods and service in connection with the Pennsylvania Skill Mark.

24.    The Pennsylvania Skill Mark and the games POM offers thereunder have also received significant unsolicited coverage in various media outlets, including, *inter alia*, on PennLive/Patriot News, which is the flagship news publication in the Harrisburg region.

25.    The Pennsylvania Skill Mark has become distinctive to both the consuming public and in Plaintiffs' trade, obtaining particular notoriety for being the only game of its kind whose legality under Pennsylvania law has been judicially confirmed.

26. Upon information and belief, Defendants are engaged in marketing and supplying gaming machines in the Commonwealth of Pennsylvania.

27. Well after Plaintiffs acquired protectable exclusive rights in the Pennsylvania Skill Mark, Defendants, without Plaintiffs license or authorization, adopted and began using a mark that is identical or confusingly similar thereto in U.S. commerce.

28. Recently, Plaintiffs became aware that Defendants were intentionally using the Pennsylvania Skill Mark in connection with their efforts to advertise, promote and sell their game machines, including software and related components (the "Counterfeit Products"), via their website, www.paskillvending.com, (the "Infringing Webpage").

29. The Infringing Webpage uses the Pennsylvania Skill Mark and contains other indicia of a deliberate attempt to: (1) resemble the websites maintained by POM and its licensed distributor – Miele; and (2) portray the Counterfeit Products as being manufactured, designed, and/or sold by Plaintiffs, or otherwise closely linked to them.

30. For example, the Infringing Webpage displays the following image of the Counterfeit Product:



*http://paskillvending.com/our-skill-games/*

31.     For purposes of comparison, the images below (from left to right) are taken from the following sources: (1) the Miele website; (2) the POM website; and (3) the Infringing Webpage.

  

32.     Furthermore, the Infringing Webpage contains: (1) documents from the proceedings in the Beaver County Court of Common Pleas, referenced above, *see supra*, ¶ 17, where the legality of Plaintiffs' product was confirmed; and (2) a resume belonging to Wayne V. Deluca, the attorney who represented POM in the above matter.  (True and correct copies of relevant sections of the Infringing Webpage are attached hereto as Exhibits "B" – "D", respectively.)

33.     Defendants' misleading reference to the POM legal documents is exacerbated by statements on the Infringing Webpage such as the following: "PA Skill Vending has been **operating Pennsylvania skill games** successfully since positive court rulings have allowed us to bring this new gaming technology to the

Pennsylvania market." (emphasis added). (A true and correct copy of the relevant section of the Infringing Webpage is attached hereto as Exhibit "E".)

34.    Upon further investigation, Plaintiffs discovered that Defendants had been advertising and furnishing the Counterfeit Products throughout Pennsylvania.

35.    Plaintiffs also learned that the Counterfeit Products are designed to resemble POM's machines in both physical appearance and substance – *e.g.*, game themes, graphics, user interface, etc.

36.    Upon information and belief, Defendants market, advertise, promote, offer for sale, and sell the Counterfeit Products using the Pennsylvania Skill Mark to Plaintiffs' current and prospective customers in various parts of Pennsylvania, including Oil City, Titusville, and Meadville.

37.    Defendants' deceptive promotion and sale of the Counterfeit Products has also included in-person marketing in the same channels of trade and to the same essential consumers that are familiar with POM and its reputation – to wit, gaming arcades, restaurants, bars and other public entertainment venues.

38.    Upon information and belief, Defendants offer and sell their Counterfeit Products to POM's customer base, such as bars, restaurants, and convenience stores.

39.     Despite their best efforts, at the time of the filing of the Original Complaint, Plaintiffs had been unable to discover the true identities of the entities and individuals responsible for the Infringing Website.

40.     Plaintiffs also retained a digital forensics expert, who was able to establish that the Infringing Webpage was created on or about September 7, 2018, but relayed that the identity of the Infringing Webpage's registrant is unavailable because the domain was registered through Domains By Proxy LLC.

41.     Upon information and belief, Domains by Proxy LLC is a domain proxy service that allows the registrant to obtain and operate a domain page, but remain anonymous to the public.

42.     After engaging in subpoena practice, Plaintiffs eventually received information from Domains By Proxy LLC indicating that Elias Hanna is the registrant and the chief administrative, technical, and billing contact for the Infringing Webpage.  Upon information and belief, Mr. Hanna is the owner and operator of the aforementioned website and is a key individual involved in the infringing conduct described above.

43.     Defendants' infringing acts as alleged herein have caused – and are likely to continue to cause – confusion, mistake, and deception among the relevant consuming public as to the source or origin of the Counterfeit Products and have and are likely to deceive the relevant consuming public into believing, mistakenly,

{01836424;v2 }                                                11

that the Counterfeit Products originate from, are associated or affiliated with, or otherwise authorized by Plaintiffs.

44.    Defendants' infringing acts, as alleged herein, have resulted in actual confusion as evidenced by a recent incident, during which: Defendants engaged with one of POM's customers; fraudulently held themselves out as agents or affiliates of POM; represented their Counterfeit Products as being associated with POM; and induced the customer, who believed he was dealing with POM's representatives, to permit Defendants to install their Counterfeit Products at the establishment.

45.    As evidenced by the egregious manner in which Defendants have appropriated the Pennsylvania Skill Mark, they have acted – and are continuing to act – willfully and with the deliberate intent to trade on Plaintiffs' goodwill, cause confusion and deception in the marketplace, and divert potential sales of Plaintiffs' products to the Defendant.

46.    Defendants' acts are causing, and unless restrained, will continue to cause damage and immediate irreparable harm to POM and to its valuable reputation and goodwill with the consuming public for which POM has no adequate remedy at law.

## COUNT I
### Federal Unfair Competition (False Designation of Origin/Infringement of Unregistered Mark), *see* 15 U.S.C. §§ 1125, *et seq*.

47.     Plaintiffs incorporate the foregoing paragraphs as if fully set forth herein.

48.     Defendants' unauthorized use in commerce of the Pennsylvania Skill Mark, as alleged herein, has deceived and is likely to continue deceiving consumers as to the origin, source, sponsorship, or affiliation of the Counterfeit Products and is likely to cause consumers to believe – erroneously – that the Counterfeit Products are sold, authorized, endorsed, or sponsored by Plaintiffs, or that Defendants are in some way affiliated with, or sponsored by Plaintiffs.

49.     Defendants' above-described deceptive conduct, therefore, constitutes use of a false designation of origin, as well as misleading description and representation of fact.

50.     Upon information and belief, Defendants' conduct set forth herein is willful and is intended to, has caused, and is likely to continue to cause confusion, mistake, or deception as to the affiliation, connection, or association of the Counterfeit Products with Plaintiffs.

51.     Defendants' conduct as alleged herein constitutes unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

{01836424;v2 }

52.    Defendants' conduct as alleged herein is causing immediate and irreparable harm and injury to Plaintiffs, and to its goodwill and reputation, and will continue to not only damage Plaintiffs, but also confuse the public unless enjoined by this Court.

53.    Plaintiffs have no adequate remedy at law particularly given Defendants' established history of systematically concealing their identity..

## COUNT II
## Common Law Trademark Infringement and Unfair Competition

54.    Plaintiffs incorporate the foregoing paragraphs as if fully set forth herein.

55.    Defendants' unauthorized use in commerce of the Pennsylvania Skill Mark, as alleged herein, has caused and is going to continue causing a likelihood of confusion or of misunderstanding as to the source, sponsorship, approval, or certification of the Counterfeit Product.

56.    Defendants have also falsely represented the Counterfeit Products as complying with the quality and grade guaranteed by POM.

57.    Defendants' deceptive and fraudulent conduct constitutes an infringement upon Plaintiffs' trademark and unfair competition in violation of state law.

58.    Defendants' conduct alleged herein is causing immediate and irreparable harm and injury to Plaintiffs, and to its goodwill and reputation, and

{01836424;v2 }                                    14

will continue to not only damage Plaintiffs, but also confuse the public unless enjoined by this Court.

## COUNT III
### Tortious Interference with Existing and Prospective Business Relations

59.    Plaintiffs incorporate the foregoing paragraphs as if fully set forth herein.

60.    As detailed above, Defendants have intentionally interfered and continue to interfere with existing and prospective contractual relationships between Plaintiffs and their customers.

61.    Defendants do not have a valid basis for interfering with such contractual relationships and, given that they have employed plainly deceptive means in doing so, their conduct is not privileged or justified.

62.    Defendants' actions in interfering with Plaintiffs' existing and contractual relationships with their customers was and is undertaken with the knowledge, intent, and/or purpose of:

      a.  gaining economic advantage for itself and to harm Plaintiffs; and

      b.  inducing or otherwise causing Plaintiffs' customers not to perform with the terms of a valid contract, or enter into a contractual relationship with Plaintiffs.

63.    Defendants' actions in interfering with Plaintiffs' existing and prospective contractual relationships with their customers was and is undertaken

{01836424;v2 }                    15

with the knowledge, intent, and/or purpose of gaining economic advantage for itself and to harm Plaintiffs.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

(1) That Defendants, their officers, agents, servants, employees, attorneys, confederates, and all persons in active concert with them be permanently enjoined and restrained from:

    a.  using the Pennsylvania Skill Marks and product images or any reproduction, counterfeit, copy or colorable imitation of the said marks and product images in connection with the distribution, advertising, offer for sale and/or sale of the Counterfeit Products or any other goods not the genuine products of Plaintiffs; and

    b.  passing off, inducing or enabling others to sell or pass off any Counterfeit Products as genuine products made and/or sold by Plaintiffs;

    c.  shipping, delivering, holding for sale, distributing, returning, transferring or otherwise moving, storing or disposing of in any manner formalwear or other items falsely bearing the Plaintiffs' Marks, or any reproduction, counterfeit, copy or colorable imitation of same;

      d.  registering any additional domain names that use or incorporate any of the Plaintiffs' Marks; and

      e.  operating and/or hosting Defendants' Infringing Webpage.

(2) That Defendants, within thirty (30) days after service of judgment with notice of entry thereof upon them, be required to file with the Court and serve upon Plaintiffs a written report under oath setting forth in detail the manner in which Defendants have complied with any and all injunctive relief ordered by this Court.

(3) That Defendants' Infringing Webpage and/or the corresponding domain names be disabled by the appropriate domain name registries or registrars, including but not limited to GoDaddy and Domains by Proxy LLC.

(4) That domain name registries or registrars, including but not limited to GoDaddy and Domains by Proxy LLC, be required to transfer the domain names associated with Defendants' Infringing Webpages to a registrar to be appointed by Plaintiffs to re-register the domain names in Plaintiffs' name and under Plaintiffs' ownership.

(5) That Defendants account for and pay over to Plaintiffs any and all profits realized by Defendants by reason of their unlawful acts herein alleged, and that the amount of damages for infringement of Plaintiffs' trademarks and

{01836424;v2 }                                           17

unlawful use of Plaintiffs' product images be increased by a sum not exceeding three times the amount thereof as provided by law.

(6) That Plaintiffs be awarded punitive damages and/or enhanced damages for Defendants' tortious interference with current and prospective contractual relations and intentional infringement of Plaintiffs' rights.

(7) That Plaintiffs be awarded reasonable attorneys' fees and such other and further relief as the Court may deem just and proper.

**KLEINBARD LLC**

Dated: December 17,  2019

Matthew H. Haverstick (PA ID No. 85072)
Paul G. Gagne (Admitted *pro hac vice*) (PA ID No. 42009)
Shohin H. Vance (PA ID No. 323551)
Three Logan Square
1717 Arch Street, 5th Floor
Philadelphia, PA 19103
Phone: (215) 568-2000
Fax: (215) 568-0140
mhaverstick@kleinbard.com
pgagne@kleinbard.com
svance@kleinbard.com

*Attorneys for Plaintiffs*

{01836424;v2 }